IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ALEJANDRO LOPEZ GODINEZ,

        Defendant.
_____/

CR. NO. S-06-0321 EJG

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

    Defendant, a federal prisoner proceeding pro se, has filed a motion for appointment of counsel. After reviewing the record, and for the reasons that follow, the motion is DENIED.

### BACKGROUND

    On October 22, 2006, defendant was convicted, pursuant to his plea of guilty, of one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924 ( c). He was sentenced to a term of 78 months imprisonment and five years supervised release on December 22, 2006. The judgment and commitment was entered on the docket January 8, 2007. On December 26, 2007, almost one year later,

1

defendant filed a Notice of Appeal.  The pending request for counsel, apparently intended to be in connection with the appeal, was filed January 14, 2008.

### DISCUSSION

Defendant's notice of appeal is both untimely, and precluded by his plea agreement, thus providing no basis for appointment of counsel.  First, the Notice was filed almost one year after defendant's conviction.  Federal Rule of Appellate Procedure 4(b) requires notices of appeal to be filed within ten days after entry of judgment.  In this case, judgment was entered on the docket January 8, 2007.  A Notice of Appeal filed December 26, 2007 is too late.  Second, defendant waived his right to appeal and collateral attack of his sentence and conviction pursuant to his plea agreement.[1]  "Knowing and voluntary waivers of appellate rights in criminal cases are 'regularly enforced'." United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000).  Factors to be considered in determining if a waiver is knowing and voluntary include the express language of the waiver and the facts and circumstances surrounding entry of the plea.  Id.  In the instant case, the language of the waiver states that defendant knows he has a right to appeal and collaterally attack his plea and sentence, but agrees to give up these rights.  (Plea

---

[1] Paragraph 11 of the Plea Agreement waived defendant's rights to appeal or attack collaterally his guilty plea and sentence so long as his sentence of incarceration was 78 months. Defendant was sentenced to a term of 78 months.

2

Agreement, attached as exhibit A.)  In addition, at the plea colloquy between the court and defendant, the court engaged in thorough and careful questioning of defendant concerning his rights.  Defendant stated he had no questions about these rights to appeal and collateral attack, and responded affirmatively when asked if he knowingly and voluntarily waived those rights.[2]  The court also obtained from defendant his agreement that he understood the nature of the charges against him, the maximum penalties, and the factual basis for his plea, and that he was satisfied with his attorney.  In sum, the court's review of the record indicates defendant's waiver of his rights was knowing and voluntary.  Nguyen, 235 at 1182-83.

## CONCLUSION

Based on the foregoing, defendant's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: January 24, 2008

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Although a reporter's transcript of the Rule 11 proceedings has not been transcribed, it is the undersigned's regular practice to make specific inquiry of all defendants during the waiver of rights portion of the colloquy, asking if they understand the rights they are waiving and if the waiver is knowing and voluntary.  In addition, the undersigned has reviewed his written notes of these proceedings and finds that he was in compliance with his regular practice.  See Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1978) (judge may use own notes and recollections of plea and sentencing hearings to supplement record).

3